IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELLE CHRISNER, | § | |
| | § | |
| v. | § | NO.  A-06-CA-476 AWA |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are: Plaintiff's Brief (Clerk's Doc. No. 16); Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 18); and the Social Security Record filed in this case (Cited as "Tr."). Plaintiff presents three issues for review: (1) whether the ALJ failed to give proper weight to the records and opinions of the treating and examining doctors; (2) whether the ALJ's decision that Plaintiff was not credible was based on the proper legal standard; and (3) whether the ALJ properly considered Plaintiff's impairments and properly found there are jobs in the national economy that Plaintiff can perform.

**I.  BACKGROUND**

Plaintiff, a 34-year-old woman with a high-school level education, worked at a number of jobs until 2003, including as a forklift operator, light construction, and prison guard.  While working, she suffered an injury to her left arm – she is left-handed – that she claimed precluded her from working.  She claims that the pain begins in her neck and radiates down her left arm to her fingers, with significant pain in the elbow and tingling in the fingers.  In April 2003, she had surgery on her elbow, but she still complains of "constant pain and give-away weakness in her left hand."  Tr. 14. She takes hydrocodone and ibuprofen for the pain (at the time of the hearing she had recently begun taking the narcotic).  Plaintiff further testified that while she is able to drive, she drives only with her

right hand, as well performing all her activities with her one usable arm (e.g., bathing, dressing, cooking, caring for her young child).

Plaintiff has seen a chiropractor and a medical doctor for the issue, and was referred to a neurologist, but, at the time of the hearing, she had not seen him. The Vocational Expert (VE) testified that Plaintiff could not perform any of her past work given her limitations, but that there existed jobs in the national economy which she could perform.

## II.  ANALYSIS

Plaintiff's first argues that the ALJ failed to give proper weight to the treating and examining doctors, Drs. Brown, Mittal, and Odutayo. Plaintiff essentially complains that a *Newton* analysis for rejecting a treating specialist was not performed by the ALJ and therefore the decision should be remanded on that basis. *See* Plaintiff's Brief at 8-9 (citing *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000)).

As an initial matter, Dr. Brown is a chiropractor and "the relevant regulations accord less weight to chiropractors than to medical doctors." *Castillo v. Barnhart*, 151 Fed. App'x 334, 335 (5th Cir. 2005); 20 C.F.R. §§ 404.1513(d)(1), 404.1527(d)(5). For that reason alone, his opinion need not be given controlling weight. *Castillo*, 151 Fed App'x at 335.[1] Dr. Odutayo, who the Plaintiff saw once, diagnosed Plaintiff with carpal tunnel syndrome and referred her to a neurologist. Because he only saw Plaintiff once, he is not a "treating" or "examining" doctor according to the regulations, but a "nontreating source" according to the Code of Federal Regulations. 20 C.F.R. § 404.1502.

---

[1] It does appear that the ALJ overstated his conclusion that Brown's progress notes conflicted with his letter stating that Plaintiff was unable to use her left arm, *cf.* Tr.14-15 *with* 171-76; the progress notes do not assess her condition in as rosy terms as the opinion would have it. This, standing alone, however, is not enough to reverse the ALJ's decision.

2

Therefore, his opinion need not be given controlling weight, *Bauter v. Barnhart*, 94 Fed. App'x 419, 420 (8th Cir. 2004) especially because it is contradicted by other evidence in the record. *See e.g.,* Tr. 185 (negative MRI result on the left wrist). Moreover, Plaintiff was referred by numerous doctors to see a neurologist, who at the time of hearing she still had not seen, *see* Tr. 233, nor is there any evidence that she has since followed up with a neurologist. Finally, Dr. Mittal's assessment was that Plaintiff had some impairment, but could still lift objects up to shoulder height – and that "[p]ower [in her left hand] is slightly decreased 4/5." Tr. 145 . This finding was not only *not* rejected by the ALJ, but rather was used to support the ALJ's opinion. Tr. 15. Because the ALJ did not reject the opinion of any treating specialist, the ALJ had no need to perform a *Newton* analysis. 209 F.3d at 453.

The Plaintiff also argues that the ALJ's determination that she was not credible was based on the wrong legal standard. At the hearing, the Plaintiff testified that she cooks, does laundry, drives, and cares for her four-year-old child. The ALJ considered these activities in his decision, and determined that they belied her claim of not being able to perform *any* work because of her arm injury. "It is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status." *Nix v. Barnhart*, 160 Fed. App'x 393, 396 (5th Cir. 2005). Additionally, the ALJ noted that Plaintiff took only ibuprofen (800 milligrams per day) from 2003, when she had her surgery, until October 2005, when, less than two months before her hearing, she began to take a narcotic painkiller. Tr. 229; *see also Doss v. Barnhart*, 137 Fed. App'x 689, 691 (5th Cir. 2005) *and Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (failure to seek treatment for complained of ailment is an indication of nondisability). Finally, as the ALJ noted, Plaintiff only sought treatment from a chiropractor – not a medical doctor – from 2003 through 2005 and his

assessments were that Plaintiff had some functionality in the arm (although she could not do everything she wanted to with it after she injured it "throwing pieces of wet sheetrock") Tr. 153-76.

In Social Security disability appeals, the limited role of the reviewing court is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990). Here, it is clear that the ALJ's decision not to credit Plaintiff's subjective complaints is supported by the substantial evidence.

Plaintiff's final argument is that she does not possess the residual functional capacity (RFC) to perform the jobs that the VE testified she could perform. The ALJ found that Plaintiff had the ability to lift or carry 20 pounds occasionally and 10 pounds frequently, and to sit, stand ,or walk 6 hours in an 8-hour workday. Tr. 17. He further found that Plaintiff's functional limitations that were supported by the record were that she could not lift objects above her shoulder or climb ladders, ropes, and scaffolds. Tr. 16. As noted above, the ALJ's decisions as to the medical evidence and Plaintiff's credibility about her ability to work is supported by the substantial evidence. Therefore, the only issue is whether the ALJ's decision that Plaintiff has the RFC to perform the jobs listed by the VE is correct. As long as the ALJ's hypothetical reasonably incorporates the disabilities supported by the evidence, and the VE testifies that there are jobs in the economy in substantial numbers that the hypothetical person can perform, then the Secretary has carried its burden. *Cain v. Barnhart*, 193 Fed. App'x 357, 363 (5th Cir. 2006); *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). Because the ALJ's hypothetical did so, and because the Plaintiff has failed to carry her

burden to show that she cannot perform any of the jobs listed by the ALJ, this argument is without merit.

## VII. CONCLUSION

The Magistrate Court **AFFIRMS** the final decision of the Commissioner and **ENTERS JUDGMENT** in favor of the Defendant.

SIGNED this 7th day of February, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE